IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA PAYNE,<br>　　　Plaintiff | Civil No. 3:15-cv-1010 |
| v. | (Judge Mariani) |
| DUNCAN, et al.,<br>　　　Defendants | |

## MEMORANDUM

I. **Background**

Plaintiff Joshua Payne ("Plaintiff"), a Pennsylvania state inmate who, at all times relevant, was housed at the Camp Hill State Correctional Institution ("SCI-Camp Hill"),[1] commenced this civil rights action on May 19, 2015. (Doc. 1). Plaintiff alleges that Defendants' destruction of his property violated his rights under the First, Eighth and Fourteenth Amendments. (*Id.* at pp. 6-11). Named as Defendants are K. Duncan, J. Ziegler, S. Settle, K. McElwain, S. Whalen, and John Doe. (*Id.* at p. 6).

Presently pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 12). For the following reasons, the motion will be denied.

II. **Motion to Dismiss Standard of Review**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege

---

[1] Plaintiff is currently confined at the Mahanoy State Correctional Institution in Frackville, Pennsylvania.

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

### III. Allegations of the Complaint

The complaint names as Defendants the following employees at SCI-Camp Hill: corrections officers Duncan and Ziegler, corrections officer and sergeant Settle, corrections officer and lieutenant McElwain, unit manager Whalen, and grievance coordinator John Doe. (Doc. 1, ¶¶ 2-5).

Plaintiff alleges that on March 7, 2013, his cell was searched by Duncan and Ziegler.

3

(*Id.* at ¶ 7). Prior to the cell search, Plaintiff alleges that Duncan told Ziegler that Plaintiff essentially got Duncan kicked out of the special management unit ("SMU"). (*Id.* at ¶ 8). Duncan also allegedly told Ziegler that Plaintiff was a prolific filer of grievances and lawsuits, and he should throw away Plaintiff's property to deter him from filing more grievances and lawsuits. (*Id.* at ¶ 9). When the officers were preparing to search the cell, Plaintiff alleges that he was strip searched and verbally harassed by Duncan. (*Id.* at ¶¶ 11, 13, 14).

During the cell search, the officers allegedly removed Plaintiff's legal materials, religious material, and personal photographs. (*Id.* at ¶¶ 18-23). Plaintiff requested a confiscation slip to document the missing items, which was denied by the officers. (*Id.* at ¶ 17). Plaintiff claims that his property was never returned, even though he reported the missing property to McElwain and Settle. (*Id.* at ¶¶ 10, 15-16, 24). Plaintiff alleges that the destruction of his "core legal documents" ultimately resulted in the dismissal of a pending lawsuit. (*Id.* at ¶ 30).

On March 20, 2013, Plaintiff filed a grievance "outlining the retaliatory, deprivation of property and conspiracy actions of Duncan, Ziegler and Whalen." (*Id.* at ¶ 27).

Plaintiff claims that Duncan and Ziegler threw out his property in retaliation for filing grievances and lawsuits. (*Id.* at ¶¶ 31-32, 36-37). He claims that Whalen conspired with Duncan and Ziegler to cover-up the intentional destruction of his property. (*Id.* at ¶ 33). Plaintiff further claims that Settle, McElwain, and Whalen violated his Eighth Amendment

rights when they failed to intervene, despite knowing about the destruction of his property. (*Id.* at ¶ 35). Plaintiff alleges that Ziegler violated his rights under the Fourteenth Amendment by failing to give Plaintiff the opportunity to "ship out his property before he destroied [sic] it." (*Id.* at ¶ 36). He also asserts that Ziegler violated his First Amendment right of access to courts through the destruction of his property. (*Id.* at ¶ 37). Lastly, he brings a claim of "spoliation of evidence" against Ziegler based on the alleged destruction of his legal documents. (*Id.* at ¶ 38).

## IV. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"A statute of limitations defense may serve as the basis for a Rule 12(b)(6) motion 'where the complaint facially shows noncompliance with the limitations period.'" *McSpadden v. Wolfe*, 2008 WL 910010, *4 (E.D. Pa. 2008) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994)). It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n.9 (3d Cir. 1996). In Pennsylvania, the statute of limitations for a personal injury action is two years. *See* 42 Pa. C.S. § 5524.

However, the date when a cause of action accrues is still a question of federal law. *Smith v. Wambaugh*, 887 F.Supp. 752, 755 (M.D. Pa. 1995). Under federal law, a civil rights cause of action accrues, and the statute of limitations begins to run, when the plaintiff "knew or should have known of the injury upon which [the] action is based." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The limitations period begins to run if a plaintiff has sufficient notice to place him on alert of the need to begin investigating. *Gordon v. Lowell*, 95 F. Supp. 2d 264, 272 (E.D. Pa. 2000). Under *Gordon*, a "claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." *Id.* The statute of limitations is tolled while an inmate plaintiff exhausts his administrative remedies. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir.

2015) ("[T]he PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies.").

The instant complaint alleges that "[o]n March 7[,] 2013[,] Defendants Duncan and Ziegler came to Plaintiff['s] cell ... to conduct a cell search." (Doc. 1, ¶ 7). During the cell search, Plaintiff alleges that Defendants Duncan and Ziegler threw away his property in retaliation for filing grievances and lawsuits. (Id.). As a result of these purported actions, Plaintiff filed a grievance on March 20, 2013, "outlining the retaliatory, deprivation of property and conspiracy actions of Duncan, Ziegler and Whalen." (Id. at ¶ 27).

The statute of limitations in the present matter began to run on March 7, 2013. Excluding the tolling of the statute while Plaintiff exhausted his administrative remedies, any civil action would have to be filed by March 7, 2015. Plaintiff's complaint was filed on May 19, 2015,[2] beyond the two-year deadline by approximately two months. However, at this juncture, the Court cannot conclude that the complaint is untimely given that some of this time may have been taken up with Plaintiff's pursuit of his administrative remedies. It is apparent from the face of the complaint that Plaintiff pursued administrative remedies. However, the Court cannot determine the period of time that passed while he exhausted those remedies and, therefore, cannot determine whether the statute of limitations expired

---

[2] The complaint was docketed on May 27, 2015, but Plaintiff dated the complaint on May 19, 2015. Accordingly, under the prison mailbox rule, the Court considers May 19, 2015, as the filing date. See Houston v. Lack, 487 U.S. 266 (1988); Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003).

before Plaintiff filed the instant action. *See Thomas v. Brinich*, 579 Fed. App'x 60, 62 (3d Cir. 2014) (stating that dismissal of a § 1983 claim for failure to exhaust is appropriate only where the complaint reveals, on its face, that exhaustion did not occur). Accordingly, Defendants' motion to dismiss the complaint on the basis of the statute of limitations will be denied.[3]

## V.     Conclusion

Based on the foregoing, Defendants' motion to dismiss will be denied. An appropriate Order shall issue.

Date: January _____, 2016

Robert D. Mariani
United States District Judge

---

[3] In the instant motion, Defendants do not move to dismiss the complaint based on Plaintiff's failure to exhaust his administrative remedies. Defendants specifically reserved the right to further object to the complaint on this ground, or any other ground. *See* (Doc. 13, p. 5, n. 5). Thus, the Court need not address whether Plaintiff properly, or improperly, exhausted his administrative remedies prior to filing suit.