IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSHUA PAYNE,
    Plaintiff

    v.

DUNCAN, et al.,
    Defendants

Civil No. 3:15-cv-1010

(Judge Mariani)

## MEMORANDUM

### I. Background

Plaintiff Joshua Payne ("Plaintiff"), a Pennsylvania state inmate who, at all times relevant, was housed at the Camp Hill State Correctional Institution ("SCI-Camp Hill"),[1] commenced this civil rights action on May 19, 2015. (Doc. 1). Plaintiff alleges that Defendants' destruction of his property violated his rights under the First, Eighth and Fourteenth Amendments. (Id. at pp. 6-11). Named as Defendants are K. Duncan, J. Ziegler, S. Settle, K. McElwain, S. Whalen, and John Doe. (Id. at p. 6).

Presently pending before the Court is Plaintiff's motion for leave to file an amended complaint. (Doc. 20). For the following reasons, the motion will be granted.

### II. Discussion

The filing of an amended complaint is governed by Federal Rule of Civil Procedure 15(a):

---

[1] Plaintiff is currently confined at the Mahanoy State Correctional Institution in Frackville, Pennsylvania.

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a). This Court's Local Rules require that a proposed amended pleading must accompany a motion. See M.D. Pa. Local Rule 15.1(a). The "amended pleading must be retyped or reprinted so that it will be complete in itself." *Id.*

The United States Court of Appeals for the Third Circuit has adopted a liberal approach to the amendment of pleadings in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990). Amendment, however, is not automatic. *See Breiner v. Litwhiler*, 245 F. Supp. 2d 614, 623 (M.D. Pa. 2003) (citing *Dover Steel Co., Inc. v. Hartford Accident and Indent.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993)). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."

2

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face," the court may deny leave to amend. *Lincoln General Ins. Co. v. Kingsway America Agency, Inc.*, 2013 WL 214634, *4 (M.D. Pa. 2013) (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)).

Plaintiff's original complaint was filed on May 27, 2015. (Doc. 1). Defendants filed their Rule 12(b) motion to dismiss on August 10, 2015. (Doc. 12). The Court denied Defendants' motion to dismiss on January 29, 2016. (Docs. 17, 18). Defendants thereafter filed an answer to the complaint on February 29, 2016. (Doc. 19). Plaintiff's motion for leave to file an amended complaint was not filed until March 15, 2016, (Doc. 20), past the time period allotted for filing an amended complaint as a matter of course. Plaintiff has not obtained the opposing parties' written consent thus, at this point, Plaintiff is required to request leave of court to file such a pleading. *See* FED. R. CIV. P. 15(a)(2).

In the motion to amend, Plaintiff claims the original complaint failed to include all factual allegations related to the incident at issue. (Doc. 20). Plaintiff has submitted a proposed amended complaint for the Court's review. (Doc. 20-1). Plaintiff's request to

3

amend pertains to the same original Defendants and same causes of action against these Defendants. The allegations in the proposed amended complaint are nearly identical to the claims in the original complaint. The proposed pleading further explains that, since filing the original complaint, Plaintiff has determined the identity of the John Doe Defendant as Michael "Skip" Bell, Grievance Coordinator at SCI-Camp Hill. (Doc. 20-1, at 2). Upon review of the proposed amended complaint, and in light of Plaintiff's *pro se* status, the Court will grant the motion to amend.

A appropriate Order will issue.

Date: May 16, 2016

Robert D. Mariani
United States District Judge